## La Plata Tobacco Company, Recurrente, *v.* El Registrador de Caguas, Recurrido.

Recurso gubernativo interpuesto contra nota del Registrador de la Propiedad de Caguas denegando la inscripción de una escritura de compraventa.

No. 412.—Resuelto en diciembre 23, 1919.

Certificación de Acuerdos de Corporaciones no Incluídos en una Escritura Original—Manera de Certificarlos—Documentos Públicos—Affidavit.— No debe estimarse como un *affidavit* sino como un documento público suficiente para causar inscripción en el registro, una certificación expedida por el secretario de una corporación, creditiva del acuerdo tomado por ésta autorizando a su vice-presidente para que la represente en el otorgamiento de una escritura de venta que no contiene el acuerdo de la corporación, cuya certificación lleva estampado el sello de ésta habiendo sido legalizada e identificado el secretario autorizante por el mismo notario que autorizó la mencionada escri-

tura de venta. Y no le quita el carácter de documento público a la certifica-
ción la circunstancia de que el secretario también jure haber puesto su firma
en la certificación.

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. Rafael Arce.*

El registrador recurrido, Sr. Pedro Gómez, no compare-
ció.

El Juez Asociado Sr. Wolf, emitió la opinión del tri-
bunal.

La Plata Tobaco Company comparece en una escritura
pública como supuesta vendedora de una finca rústica a fa-
vor de Antonio Longo González y su esposa. La escritura
misma dice que la referida corporación estaba representada
en la comparecencia hecha ante el notario, por M. A. Walker,
Jr., su vice-presidente, quien aseguró estar autorizado debi-
damente por la corporación de referencia para realizar el
presente contrato. Dicho documento iba acompañado de una
certificación con el sello de la corporación, en la cual el se-
cretario de la misma transcribe copia del acuerdo tomado por
la corporación autorizando al expresado M. A. Walker, Jr.,
su vice-presidente, para otorgar la venta a Antonio Longo.
Esta certificación del secretario fué jurada ante el mismo
notario que otorgó la escritura, quien identifica al secretario.

El Registrador de Caguas denegó la inscripción del tí-
tulo por el fundamento en substancia de que los hechos re-
feridos en la certificación del secretario no fueron debida-
mente probados, siendo insuficiente un *affidavit* con tal fin
y hace cita de leyes y autoridades.

Es ley establecida que la transcripción en la escritura
misma del acuerdo de una corporación u otro organismo se-
mejante, es suficiente. Resoluciones de la Dirección General
de los Registros de España, de diciembre 21, 1887 y abril
24, 1911. Y esta es además la práctica americana corriente
en escrituras de corporación, debiendo ser observada por los
notarios.

En este caso el notario dejó de incluir la certificación del

secretario de la corporación en su escritura, pero la presenta por separado e identifica a la persona que comparece ante él y en esta certificación separada aparece el sello de la corporación. Toda corporación en Puerto Rico ha de tener un sello, artículo 409 de los Estatutos Revisados y la manifestación hecha bajo sello es la forma de actuar o de prueba que tiene una corporación, 10 Cyc. págs. 1004 y siguientes, y especialmente las páginas 1008 y 1014. Es verdad que el secretario también jura haber puesto su firma pero este *affidavit* no perjudicaba. El hecho fué que el secretario compareció ante el notario para dar validez al acuerdo y al sello e identificarse el mismo y no importa que lo hiciera en forma de un *affidavit*.

El sello de la corporación, la certificación del secretario e identificación otorgada ante el notario convirtió la certificación en un documento público para los fines del registro y de la Ley Hipotecaria. Por semejante razonamiento véase el caso de *Goitía* v. *El Registrador de Caguas,* resolución de esta corte de dic. 16, 1919 (pág. 932). Este no fué un caso como el de *Sucesores de Andreu* v. *El Registrador,* 20 D. P. R. 421, en que se trató de probar un hecho independiente por medio de un *affidavit.* El *affidavit* en tal carácter debe considerarse como superfluo en este caso. La identificación por el notario de la persona que compareció fué suficiente. El único otro comentario es que el supuesto *affidavit* debió haber sido archivado en el protocolo del notario, enviándose copia al registro, pero el original, sin embargo, no deja de ser por eso un documento público que bastaba para los fines del registro.

Debe revocarse la nota recurrida.

> *Revocada la nota recurrida y ordenada la inscripción.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro, Aldrey y Hutchison.